Dear Judge Schwehm:
Your request for an Attorney General's Opinion has been referred to me for research and response. As I understand your question, you have asked the following:
 May you, as a justice of the peace, appoint the constable of your court as a justice of the peace ad hoc and he, in turn, appoint someone else to act as constable while he is acting as justice of the peace.
LSA-R.S. 13:2592(A), provides as follows:
 (A) "A justice of the peace may appoint a person residing within the territorial boundaries of the court as a justice of the peace ad hoc to serve for a maximum of thirty days in each year. The justice of the peace ad hoc shall meet the qualification required by law for the office of justice of the peace. He shall be paid the same compensation from the same sources as is paid to the justice of the peace while he serves, and he shall during that time have the powers and duties of a regular justice of the peace."
LSA-R.S. 13:3477 provides as follows:
 In case of the inability or refusal to act on the part of the constable or a duly appointed deputy constable because of relationship, sickness, or from other causes in civil suits, and in case of the execution of conservatory writs in civil suits, the justices of the peace may employ either the sheriff or his deputy or appoint a special deputy constable to execute all orders, citations, summons, seizures, and writs."
It is therefore clear that a justice of the peace may appoint a justice of the peace ad hoc for a period not exceeding thirty days each year and that a justice of the peace may in special circumstances appoint a special deputy constable to execute the orders, citations, etc. of his court. However, it would appear that if a justice of peace appointed the constable of his court as a justice of the peace ad hoc, that it would constitute a violation of the state's dual office holding statutes.
LSA-R.S. 42:63(D) provides in pertinent part:
 (D) "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . ."
LSA-R.S. 42:64 deals with incompatible offices and contains the following provisions:
 (A) "In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other offices:
 (4) The incumbent of one office, whether or not in conjunction with fellow offices, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
 (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
We believe that the practice about which you ask will be prohibited by both Sections 63 and 64 of Revised Statutes Title 42. As will appear from the portion of LSA-R.S. 42:63 which is quoted above, no person holding elective office in this state may simultaneously hold another elective office in the government of this state or in the government of a political subdivision thereof. The fact that a justice of the peace may appoint his constable as a justice of the peace ad hoc does not mean that the constable is no longer an elected public official. It simply means that he is holding two offices at one time. It is the opinion of this office, that this would constitute dual office holding under the provisions of LSA-R.S. 42:63(D).
Additionally, it is the further opinion of this office that the constable could not be a justice of the peace ad hoc without creating an incompatible office situation under LSA-R.S.42:64(4) and (6).
You mentioned in your letter that on those occasions when you appoint your constable as a justice of the peace ad hoc, he does not draw two salaries. Two things should be noted in this regard. First, this office has opined on numerous occasions that the taking of a salary is not the operative factor which distinguishes dual office holding from non dual office holding, in a given situation. Second R.S. 13:2592(A) provides that a justice of the peace ad hoc "shall be paid the same compensation from the same sources as is paid to the justice of the peace while he serves." (Emphasis added).
Finally, you mentioned in your letter that your constable is an ordained minister who is registered with the clerk of court in St. Tammany Parish, to perform wedding ceremonies. If this individual is in fact legally and duly authorized to perform weddings within your parish, there would appear to be no reason why he should not perform any wedding which he is called upon to perform. However, so long as he is an elected ward constable, we do not believe that he can be appointed as a justice of the peace ad hoc, so that he may perform them in the capacity of justice of the peace, rather than in the capacity of ordained minister.
I trust the foregoing adequately answers the question(s) you have asked. If, however, additional information is need, please contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS/pb/0630p